IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**OWEN F. SILVIOUS,**

    Plaintiff,

v.                                          **CIVIL ACTION NO. 3:11-CV-82**
                                                  **(BAILEY)**

**THE COCA COLA COMPANY,**

    Defendant.

## AMENDED ORDER DISMISSING PLAINTIFF'S AMENDED PLEADING AND CORRECTING CLERICAL ERROR

**I.**    **Introduction**

Currently pending before this Court is *pro se* plaintiff, Owen Silvious', Motion for Relief From Judgment [Doc. 68], in which he asserts this Court's April 5, 2012, Order Dismissing Plaintiff's (Consumer Protection) Complaint [Doc. 59] has no legal effect by virtue of this Court's inadvertent dismissal of the plaintiff's original Complaint [Doc. 1]. The plaintiff asserts that this Court did not address his Amended Pleading [Doc. 37], in which he abandons his original Complaint [Doc. 1] and Corrected Complaint [Doc. 17]. This Court admits clerical error in dismissing the original Complaint; however, the substance and analysis of this Court's April 5, 2012, Order [Doc. 59] belies the plaintiff's assertion that this Court did not effectively consider and dispose of his Amended Pleading [Doc. 37]. Therefore, this Court hereby **AMENDS** its previous Order Dismissing Plaintiff's (Consumer Protection) **[Doc. 59]** for the sole purpose of reflecting the corrections relating to the clerical errors and their corresponding references to the pertinent docket entries. This Court notes

1

that nothing in this Order alters the substance of this Court's prior Order Dismissing the Complaint [Doc. 59], wherein this Court actually conducted an independent preliminary review of the Amended Pleading / Complaint [Doc. 37] and the defendant's Motion to Dismiss [Doc. 40]. For the reasons stated below, this Court concludes that defendant's Motion to Dismiss **[Doc. 40]** shall be **GRANTED** and the Amended Pleading **[Doc. 37]** be **DISMISSED**.

## II.     Factual and Procedural History

Plaintiff has brought this suit pursuant to the West Virginia Consumer Credit Protection Act, W.Va. Code § 46A-6-101, *et seq.* ("The Act"). This civil action was filed in this Court, *pro se*, on September 23, 2011, from the Federal Correctional Institution in Butner, North Carolina. The plaintiff alleges that the defendant, Coca-Cola, has violated the Act by causing to be manufactured, bottled, distributed, and sold products which, by the plaintiff's revelation, do not contain the original Coca-Cola formula invented in 1886. The plaintiff alleges that he has been purchasing Coke products for more than sixty (60) years under the mistaken impression that he was consuming the original recipe. Plaintiff further alleges that the defendant has not used its original formula since 1905.

Plainiff alleges when he first began consuming Coca-Cola, the bottles did not include a list of its ingredients. He represents he relied on the product as being the original formula as originally created in 1886. In 1987, the plaintiff alleges, however, it was finally brought to light that the Company revealed it had not been using the original formula, which he contends led to the causal connection between plaintiff and Coca-Cola. Because plaintiff was led to believe the Coca-Cola he had purchased for sixty years was the original, he

contends the product he purchased and consumed was different than what he bargained for when the purchase was made. Consequently, the alleged false representation stated on the cans and bottles caused plaintiff an ascertainable loss. Thus, he argues "[t]he representations were affirmative misrepresentations made by the defendant . . . and plaintiff relied on those misrepresentations and there was a causal connection between plaintiff's purchase of Coca Cola and the violations of the Act by defendant."

### III.    Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" **Ashcroft v. Iqbal**, 556 U.S. 662, 678 (2009) (quoting **Bell Atl. Corp. v. Twombly**, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, the Rule 8 pleading standard "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.*

Although "a court must accept as true all of the allegations contained in a complaint," that principle is "inapplicable to legal conclusions." **Iqbal**, 556 U.S. at 678. A court, therefore, is simply "not bound to accept as true a legal conclusion couched as a factual allegation." **Twombly**, 550 U.S. at 555. Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are an insufficient basis to state a claim. **Iqbal**, 556 U.S. at 678. For this reason, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual

3

enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

More importantly, this plaintiff has not paid the $350.00 filing fee in any of these cases. The Prisoner Litigation Reform Act has restricted when a complaint may be filed by a prisoner without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

## IV.     Analysis

As an initial matter, this civil action can easily be dismissed under 28 U.S.C § 1915(g) pursuant to the Three Strikes' Rule as Silvious has filed several frivolous actions which have been dismissed.  The Coca-Cola Company directs this Court to four (4) specific actions which were found to be frivolous (citations omitted), as well as at least fourteen (14) additional cases filed by Silvious that have been dismissed on statute of limitations grounds, voluntarily dismissed in the face of a motion to dismiss, dismissed for failing to follow proper procedural requirements, or for failure to prosecute.

In addition, this Court will address the merits of the instant action to further form a basis for dismissal.  As stated above, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **Id.**

In the instant case, plaintiff Silvious pled two causes of action that contain the required element of damage or injury. First, under West Virginia law, the WVCCA provides a cause of action to "[a]ny person who purchases or leases goods or services and *thereby suffers any ascertainable loss of money or property*, real or personal, as a result of the use or employment by another person of a method, act or practice prohibited or declared to be unlawful by the provisions of this article." W.Va. Code § 46A-6-106 (emphasis added).

Instead, Silvious briefly mentions damages in the course of reciting the elements of his causes of action. With respect to the WVCCA claim, Silvious asserts that "Plaintiffs and the putative class suffered damages proximately caused by the aforesaid unfair or deceptive acts or practices." At no point, however, does Silvious plead factual support for these legal conclusions. As *Iqbal* advises, though Silvious is permitted to assert "legal conclusions [that] can provide the framework of a complaint," those conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Instead, Silvious has failed to present any factual allegations to support his conclusory allegations of injury. As a result, plaintiff's claims must be dismissed.

Plaintiff Silvious' second claim alleges "The Coca-Cola Company breached the 'express warranty' pertaining to the contents of the [product] in violation of W.Va. Code [§] 46-2-313 (Uniform Commercial Code Section 2-313) . . .." See Amend. Compl. at ¶ 19. Again, as set forth below, Silvious' claim must fail because the statute of limitations has run and he has failed to present factual allegations to support any injury.

1. Subject Matter Jurisdiction

Because "[t]he defect of standing is a defect in subject matter jurisdiction," **Haase v. Sessions**, 835 F.2d 902, 906 (D.C. Cir. 1987), the Court must resolve this issue first. **AT&T Corp. v. FCC**, 317 F.3d 227, 237 (D.C. Cir. 2003).

Article III of the U.S. Constitution "limits the 'judicial power' of the United States to the resolution of 'cases' and 'controversies,'" **Valley Forge Christian Coll. v. Am. United for Separation of Church and State, Inc.**, 454 U.S. 464, 471 (1982), and the doctrine of standing serves to identify those " 'Cases' and 'Controversies' that are of the justiciable sort referred to in Article III." **Lujan v. Defenders of Wildlife**, 504 U.S. 555, 560 (1992). To establish the "irreducible constitutional minimum of standing," a plaintiff must allege (1) an "injury in fact," defined as "an invasion of a legally protected interest which is (a) concrete and particularized," and (b) "actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of"; and (3) a likelihood "that the injury will be redressed by a favorable decision." **Id**. at 560-61 (internal quotation marks and citations omitted). In order for an injury to be "concrete and particularized," it must "affect the plaintiff in a personal and individual way." **Id**. at 560 n.1.

In his Complaint, plaintiff suggests that he has suffered no actual injury, but contrary to his apparent belief, "a lawsuit under the CPPA does not relieve a plaintiff of the requirement to show a concrete injury-in-fact to himself." **Grayson v. AT&T Corp.**, 15 A.3d 219, 244 (D.C. 2011); see **Muldrow v. EMC Mortgage Corp.** --- F.Supp.2d ---, ---, 2011 WL 713681, at *3 (D.D.C., Mar. 2, 2011) (quoting **Osbourne v. Capital City Mortgage Corp.**, 667 A.2d 1321, 1330 (D.C. 1995)) ("To obtain standing to sue for a violation of the

WVCCA, a plaintiff 'must have suffered damage as a result of the use or employment of an unlawful trade practice.' ") (quoting D.C. Code § 28-3905(k)(1)) and (citing cases).

2. Statute of Limitations

Claims under the WVCCA must be brought within four (4) years of accrual. *See* **Johnson v. Long Beach Mortg. Loan Trust 2001-4**, 451 F.Supp.2d 16, 48 (D.D.C. 2006) (quoting D.C. Code § 12-301(8)) (citing cases)). As a general rule, an action accrues upon injury or when a reasonable person knew or should have known about the injury. *See* **Diamond v. Davis**, 680 A.2d 364, 372 (D.C. 1996). Specifically, a cause of action accrues for purposes of the statute of limitations when the plaintiff has either actual notice of [his] cause of action or is deemed to be on inquiry notice because if [he] had met [his] duty to act reasonably under the circumstances in investigating matters affecting [his] affairs, such an investigation, if conducted, would have led to actual notice. What is "reasonable under the circumstances" is a highly factual analysis. The relevant circumstances include, but are not limited to, the conduct and misrepresentations of the defendant, and the reasonableness of the plaintiff's reliance on the defendant's conduct and misrepresentations . "What constitutes the accrual of a cause of action is a question of law . . .. When accrual actually occurred in a particular case is a question of fact." **Diamond**, 680 A.2d at 370.

The basis of the instant Complaint is that the Coca-Cola Company deceived Mr. Silvious by leading him to believe that the Coca-Cola sold today consists of the original formula invented by Dr. Pemberton in 1886. By Mr. Silvious' own admission, however, the bottles of Coca-Cola he began drinking over 65 years ago "did not contain a list of the

7

ingredients that were in the Coca Cola." (Amend. Cmpl. at ¶ 20). Based upon the above, this Court cannot conceive of how the defendant could have caused the plaintiff any injury or loss. It is axiomatic that one cannot receive something different than what he bargained for when he never knew the true nature of that which he believed he had bargained. Instead, the ingredient label on the "deceptive" drinks provided plaintiff with all of the information he needed to reasonably question the veracity of defendant's "original formula" claim and its significance under the applicable West Virginia law. *See* **Weiner v. Snapple Beverage Corp.**, 2010 WL 3119452, at *1 (S.D.N.Y., Aug. 5, 2010) ("It is undisputed that Snapple disclosed the inclusion of HFCS in the ingredient list that appears on the label of every bottle of Snapple that was labeled 'Classic.'"); *see* **Grayson**, 15 A.3d 219. Because plaintiff had inquiry, even if not actual, notice of a claim at the time that he purchased each beverage, he cannot rely on the discovery rule to save those long-expired claims. *See* **Diamond**, 680 A.2d at 372 ("Once either actual or inquiry notice is present . . . the statute of limitations begins to run as a matter of law.").

Thus, defendant argues that this action is time-barred because plaintiff filed it on March 1, 2011, more than six years after his last alleged purchase on January 31, 2005. Plaintiff refutes this argument on two principles. First, he asserts that he did not discover the alleged violations until December 2010, when he discovered a similar case against Coca-Cola. *See* **Kremer v. The Coca-Cola Co.**, 712 F.Supp.2d 759 (S.D. Ill. 2010). Second, he asserts that his incarceration at the time of discovery tolls the running of the statute of limitations.

A. The Discovery Rule

The "so-called 'discovery rule' applies in cases in which the injury is not of the sort that can readily be discovered when it occurs; in such cases, a cause of action accrues and the limitations period begins to run only when the plaintiff discovers, or with due diligence should have discovered the injury that is the basis of the action." **Williams v. Conner**, 522 F.Supp.2d 92, 100 (D.D.C. 2007) (quoting **Sprint Commc'ns Co. v. FCC**, 76 F.3d 1221, 1226 (D.C. Cir. 1996)) (internal quotation marks and other citation omitted); see **Nader v. Democratic Nat. Comm.**, 567 F.3d 692, 700 (D.C. Cir. 2009) ("standard is knowledge of '(1) an injury; (2) its cause in fact; and (3) some evidence of wrongdoing,' . . . and it includes not only what [plaintiff] knew, but what he could by reasonable diligence have known . . ..") (quoting **Diamond**, 680 A.2d at 379, 381). At the very least, the discovery rule necessarily implies the concealment of material facts or a "latent" injury that "is not manifested until long after the unlawful act." **Kuwait Airways Corp. v. American Sec. Bank, N.A.**, 890 F.2d 456, 461 (D.C. Cir. 1989); see **id**. (listing cases applying discovery rule as those involving medical malpractice, latent disease, legal malpractice, breach of contract and warranty for deficient design and construction, and fraudulent concealment or misrepresentation) (citations omitted); **Johnson**, 451 F.Supp.2d at 41 (discovery rule applies "[i]n a restricted class of cases . . . where the relationship between the fact of injury and the alleged tortuous conduct [is] obscure . . ..") (citation and internal quotation marks omitted); **The Plan Comm. v. Pricewaterhouse Coopers, LLP**, 335 B.R. 234, 252 (D.D.C. 2005) (same).

In his Amended Pleading / Complaint [Doc. 37], plaintiff maintains that he "actually discovered that defendant violated the statutes" during his incarceration, but he

acknowledges that he "could [] have discovered a violation of the statute [] at least [by] May 18, 2007, [when] the state action was commenced [sic] in the Superior Court of New Jersey by Stacy Holk . . .." *Id*. Plaintiff's knowledge allegedly obtained from existing lawsuits is of no moment, insofar as a claim accrues from the point that "a plaintiff has knowledge of the facts that constitute the cause of action, not when he attains knowledge of the legal significance of those facts." ***Fleck v. Cablevision VII, Inc.***, 799 F.Supp. 187, 190 (D.D.C. 1992) (citations omitted). Because plaintiff had inquiry, even if not actual, notice of a claim at the time that he purchased Coca-Cola, he cannot rely on the discovery rule to save those long-expired claims. *See* ***Diamond***, 680 A.2d at 372 ("Once either actual or inquiry notice is present . . . the statute of limitations begins to run as a matter of law.").

B. Statutory Tolling

Plaintiff's tolling claim applies only if he were imprisoned "at the time the right of action accrue[d]." D.C. Code § 12-302(a)(3). Based on the foregoing discussion, the Court finds that plaintiff's action accrued upon his purchase of each drink. Plaintiff has supplied only two dates of purchase: August 31, 2003, and January 31, 2005, and he does not dispute defendant's supposition that he has been incarcerated since at least February 11, 2005. Hence, the statutory tolling provision does not apply because plaintiff was not incarcerated at the time his cause of action accrued.

C. Plaintiff's Claims on Behalf of "Assignors"

In the alternative, plaintiff further attempts to evade the statute of limitations period

by asserting other consumers' causes of action to obtain recovery for himself in a representative capacity on behalf of several alleged "assignors" who have purchased Coca-Cola in West Virginia. See Amend. Compl. at ¶¶ 4, 21, 35. Included in this claim is a request for over $126 million in damages for alleged violations of the WVCCPA for consumers other than the plaintiff. Id. at ¶ 35. Plaintiff incorrectly argues that the WVCCPA claims can be assigned to him under W. Va. Code § 46-5-101; however, that code section is West Virginia's "Uniform Commercial Code – Letters of Credit" statute, which is not applicable to a private consumer action under the WVCCPA. See W. Va. Code § 46-5-103. ("This article applies to letters of credit and to certain rights and obligations arising out of transactions involving letters of credit.").

Next, plaintiff cites to W. Va. Code § 55-8-9 in further attempt to circumvent the applicable WVCCPA statute of limitations. Again, however, the plaintiff's argument is misplaced. The cited code section is not applicable because it only allows an assignee to sue in his own name to recover the debt of an "unsettled account or debt due." **State ex rel. Frieson v. Isner**, 168 W.Va. 758, 771, 285 S.E.2d 641, 651 (1981). In this case, no debt has been incurred as the defendant correctly points out because neither the plaintiff, nor his alleged "assignors" have had any judgment entered in their names against the defendant. Accordingly, these claims must fail.

### V. Conclusion

For the reasons stated above, this Court finds that the plaintiff's Amended Pleading / Complaint **[Doc. 37]** should be, and hereby is, **DISMISSED WITH PREJUDICE** and **ORDERED STRICKEN** from the active docket of this Court. Further, the *pro se* Plaintiff's

Motion for Relief From Judgment **[Doc. 68]** is **DENIED**. The Clerk is **DIRECTED** to enter an **AMENDED** separate judgment in favor of the defendant.

It is so **ORDERED**.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein and to the *pro se* plaintiff.

**DATED:** May 2, 2012.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE